080516Lf

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| HAJRA SABLJAKOVIC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 16 cv 2010 EJM |
| vs. | ) | |
| | ) | ORDER |
| CAROLYN W. COLVIN, | ) | |
| ACTING COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for social security disability income benefits and supplemental security income. Briefing concluded August 3, 2016. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Plaintiff initially claimed disability due to a back injury and a "damaged nerve in her leg, lifetime restrictions." (Tr. 340, 345.) After the Administrative Law Judge (ALJ) issued his ruling but before the Appeals Council ruled, she submitted a significant amount of evidence of mental-related disability. The ALJ did not go back and consider it. She asserts the ALJ failed to consider the applicability of Listing 12.05C to her mental disability, and failed to sufficiently develop the record especially as to her mental disabilities. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

[R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision...Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992.)

Plaintiff was born in Bosnia in 1972, attended only one year of school, had a limited ability to read and write her native Bosnian language, and had a very limited command of English. Joint Statement of Facts, ECF No. 11, (JSF) at 3. She had previously been employed as a meat trimmer. She was injured in a work injury in January 2011, underwent two laminectomy procedures which were not successful, received limited workers compensation benefits, and was divorced by an abusive husband. JSF at 6-11. The ALJ determined that she could no longer perform her previous job, but found that she could perform other jobs that were prevalent in the national economy.

Plaintiff argues that the ALJ erred by failing to consider the applicability of Listing 12.05C. 20 C.F.R. Part 404, Subpart P, Appendix 1 provides a listing of impairments that are deemed severe enough to preclude substantial gainful activity. See 20 C.F.R. § 1525. If a claimant satisfies the criteria for one or more of the listings, the claimant is per se disabled. 20 C.F.R. § 1520(d). Even if an impairment does not expressly satisfy a listing, a claimant may nevertheless be found disabled if the impairment is medically "equivalent" to one of the listings. See 20 C.F.R. § 404.1526.

2

Listing 12.05 provides the presumptively disabling criteria for intellectual disabilities. See 20 C.F.R. Part 404, Subpart P, Appendix 1 § 12.05. This Listing provides the following "diagnostic description for intellectual disability":

> Intellectual disability refers to significantly sub average general intellectual function with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

*Id.* The requisite severity for an intellectual disability is established when any of four sets of criteria—A, B, C, or D—is met. *Id.*

The Commissioner mainly argues that claimant submitted her evidence and claim for mental disability too late. The ALJ found her not disabled on August 5, 2014, focusing on her physical disabilities, JSF 13, which in fairness was the main argument before him at the time. Subsequently, plaintiff submitted substantial evidence of her mental limitations to the Appeals Council, from Dr. Darko Zdilar, M.D., plaintiff's newly treating psychiatrist, who examined plaintiff originally not as part of this case but as part of her application for citizenship. (Tr. 612-617.) Dr. Zdilar, who speaks plaintiff's native language of Bosnian, found post traumatic stress disorder (PTSD) from war trauma in Bosnia and from the abuse by her ex-husband, major depressive disorder, and that plaintiff "likely suffers from either borderline intelligence or mild mental retardation." (Tr. 613.) Dr. Zdilar's finding were later confirmed by Dr. O'Conner, a psychologist, who found that plaintiff had "achieved a developmental age consistent with that of a 6 ½ - 7 year old female." (Tr. 609, 615.) The Appeals

Council exhibited the evidence but the ALJ chose not to consider the new evidence. Here, the Commissioner largely stands on this exclusion.

The Eighth Circuit in O'Donnell v. Barnhart, 318 F.3d 811, 816 (8th Cir. 2003) held that when evidence submitted after the ALJ's decision is exhibited by the Appeals Council, the district court "must decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence." Here, the extensive new evidence clearly warrants consideration, and thus dictates remand. See also Lott v. Colvin, 772 F.3d 546, 552 (8th Cir. 2014.) The Commissioner argues that Lott is not applicable because there was insufficient evidence before the ALJ to trigger more scrutiny of plaintiff's mental state. However, such evidence was eventually submitted, albeit after the ALJ decided but before the Appeals Council ruled.

The Supreme Court has rebuked (a previous) Commissioner for asserting unjust waiver arguments to avoid considering late-submitted probative evidence much like the argument made here, Sims v. Apfel, 530 U.S. 103, 112 (2000.) The Eighth Circuit has as well. Harwood v. Apfel, 186 F.3d 1039, 1042-43 (8th Cir. 1999.) Sims and Harwood require that the late produced evidence here be considered. Basic justice requires the same. Once considered, the new evidence clearly raises a question of claimant's mental disability that has not been investigated.

The court finds that the record does not sufficiently analyze whether Listing 12.05C is met or equaled in this case.

It is therefore

4

ORDERED

Reversed and remanded for further consideration of whether plaintiff mental limitations meet or equal the requirements of Listing 12.05C, including reviewing the new evidence.

August 5, 2016

*Edward J. McManus*, Judge
UNITED STATES DISTRICT COURT